UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ALAN SMITH,

          Plaintiff,

v.

SARGEANT GARRITY,

          Defendants.

Case No. C19-6200 BHS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Theresa Fricke pursuant to 28 U.S.C. 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff Jason Smith has filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. 1; Dkt. 1-1. Plaintiff previously filed two actions, which are currently pending in this Court, alleging apparently identical claims arising from the same incident but naming other defendants in addition to defendant Garrity. *See Smith v. Bremerton Police Dep't, et al.,* C19-5479-BHS; *Smith v. City of Bremerton*, C19-6199-BHS-DWC.

The Court finds that plaintiff has failed to state a viable claim in this proposed complaint; because plaintiff's claims in the instant action arise from identical subject matter as *Smith v. Bremerton Police Dep't, et al.,* C19-5479-BHS, plaintiff is directed to show cause **on or before May 22, 2020**, why this action should not be dismissed, without prejudice, as duplicative. The Court notes that plaintiff has been directed to amend his complaint in C19-5479, in which he is free to seek to include defendant

- 1

1  Garrity as a party. Plaintiff's application to proceed in forma pauperis shall be re-noted
2  for May 22, 2020.

3  DISCUSSION

4  The court must dismiss the complaint of an individual seeking to proceed *in*
5  *forma pauperis* "at any time if the court determines" that the action: (a) "is frivolous or
6  malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks
7  monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
8  1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable
9  basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

10  *Proposed Complaint*

11  Plaintiff bases his claims on an November 23, 2018, encounter in a Bremerton
12  business parking lot with two police officers, Officer Ejde (who is not a named
13  defendant) and defendant Sergeant Garrity. Dkt. 1-1, at 5-6. Plaintiff alleges violations
14  of his First Amendment rights, claiming interference with the recording of police
15  misconduct and retaliation for the exercise of plaintiff's free speech. Plaintiff also
16  appears to include a state law claim for negligent supervision.

17  According to the complaint, plaintiff engaged in a "verbal exchange" with Officer
18  Ejde, which became an "attack on [plaintiff]." *Id.* at 6, 7. Plaintiff's girlfriend "(Nyki)
19  Jolene" was recording the encounter, presumably at plaintiff's request. *Id.* at 6.

20  Plaintiff alleges Sergeant Garrity talked to Ms. Jolene, speaking gibberish and
21  waving his hand in front of Ms. Jolene's camera, which "interfered with" the recording of
22  plaintiff's conversation. Dkt. 1-1, at 6. Plaintiff alleges that Sergeant Garrity is Officer
23  Ejde's supervising officer. During the encounter, he expressed his opinion to Sergeant

24
25

- 2

Garrity that Officer Ejde was "on drugs," based on plaintiff's assessment of Officer's Ejde's behavior and pupils. Plaintiff alleges that Sergeant Garrity failed to "take immediate action to ensure Ejde was no longer a threat."

Plaintiff alleges that when he called to lodge a complaint about the incident, Sergeant Garrity took his call and refused to take the complaint or permit plaintiff to speak with another officer. Dkt. 1-1, at 5. The complaint also appears to allege that in subsequent weeks, Sergeant Garrity was involved with the vandalizing of plaintiff's car and the removal of its brake caliper bolt. Dkt. 1-1 at 6. The complaint alleges no facts to link Sergeant Garrity personally to those events.

Plaintiff's complaint indicate that he has made multiple unsuccessful attempts to secure representation on these claims. Dkt. 1-2, at 2. Plaintiff seeks damages, "retraining" or "counseling" for defendant, and a public apology from defendant to him and his girlfriend. Dkt. 1-1, at 8.

*Standard of Review*

The court must dismiss the complaint of an individual seeking to proceed *in forma pauperis* "at any time if the court determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

A complaint must contain sufficient factual allegations to state a claim and must not leave the Court to speculate about the underlying events. Fed. R. Civ. Pro. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). While the Court must construe a

pro se plaintiff's complaint liberally, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (1988); *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

*First Amendment Claims*

To state a claim under § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Section 1983 claims may be brought against defendants in their official or personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). Here, the Court infers from plaintiff's request for damages that plaintiff wishes to impose individual liability on defendant Garrity acting in his personal capacity for actions taken under the color of state law. *See* Dkt. 1-1, at 7. Accordingly, the Court will examine whether plaintiff has alleged that defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold, 637 F.2d at 1355*.

1   The Ninth Circuit has recognized a First Amendment "right to film matters of
2 public interest," although it has not explicitly recognized a right to record police officers
3 in the course of their duties. *Fordyce v. City of Seattle*, 55 F.3d 236, 239 (9th Cir. 1995)
4 (finding that in the absence of Washington state law on the permissibility of filming
5 private conversations in public spaces, a videographer had raised a genuine dispute of
6 material fact regarding the constitutionality of his arrest). Nonetheless, whatever the
7 contours of plaintiff's rights to make a record of his interactions with police officers, the
8 complaint states that another person was trying to record the events on video and does
9 not indicate that *plaintiff* was personally operating any recording equipment at all.

10   Furthermore, to bring a First Amendment retaliation claim, a plaintiff must
11 establish that (1) plaintiff engaged in expressive conduct that addressed a matter of
12 public concern, (2) the government officials took an adverse action against the plaintiff,
13 and (3) the expressive conduct was a substantial or motivating factor for the adverse
14 action. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004). Without
15 the factual allegation that plaintiff himself engaged in protected expressive conduct, the
16 complaint fails to show how plaintiff's own rights have been violated. Plaintiff's complaint
17 on its face suffers from a lack of standing to bring his First Amendment claims against
18 Sergeant Garrity. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

19   Plaintiff's complaint also fails to include facts connecting Sergeant Garrity to the
20 other allegations of damage to plaintiff's car or indicating any harm resulting from
21 plaintiff's phone conversation with Sergeant Garrity. The complaint lacks "sufficient
22 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
23 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Co. v. Twombly*, 550

1  U.S. 544, 555 (2007)). Accordingly, plaintiff's proposed complaint fails to state a claim
2  upon which relief can be granted.
3  Finally, this Court need not address plaintiff's state law claim for negligent
4  supervision, as the Court lacks jurisdiction where plaintiff has failed to state a federal
5  claim under § 1983.
6  *Duplicative Action*
7  Plaintiff, who is proceeding *pro se*, currently has two other matters pending
8  before this Court in which he attempts to assert essentially identical claims against
9  various defendants based on the 2018 encounter.
10  "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject
11  to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v.*
12  *Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept.
13  25, 2019); *see, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995);
14  *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980
15  F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.
16  1988). An *in forma pauperis* complaint repeating pending or previously litigated claims
17  may be considered abusive and dismissed under § 1915. *Goods*, 2019 WL 4670217, at
18  *1; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.
19  "Repeating the same factual allegations asserted in an earlier case, even if now
20  filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL
21  4670217, at *1; *see, e.g., Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366,
22  368 (8th Cir. 1975); *see also, Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir.
23  1993) ("[A] suit is duplicative if the claims, parties, and available relief do not

1 significantly differ between the two actions." (internal quotation marks and citation
2 omitted)).

3     In one of these cases, *Smith v. Bremerton Police Dep't, et al.,* C19-5479-BHS,
4 plaintiff has already named Sergeant Garrity as a defendant. Plaintiff's complaint in that
5 action contains nearly identical, if more numerous, factual allegations, alleges the same
6 constitutional violations, and seeks similar relief to plaintiff's instant proposed complaint.
7 The Court in that case fully analyzed plaintiff's claims against defendant Garrity and
8 dismissed the claims without prejudice for failure to state a claim. *Smith v. Bremerton*
9 *Police Dep't, et al.,* C19-5479-BHS, Dkt. 10, at 3 (W.D. Wash.). The Court granted leave
10 for plaintiff to supply a second amended complaint in which plaintiff could supply
11 additional facts to sustain a claim against defendant Garrity. *Id.* That deadline has
12 currently passed, but the matter is still open. *See id.* at Dkt. 12.

13     In the second case, *Smith v. City of Bremerton*, C19-6199-BHS-DWC, Judge
14 Christel has also recommended that the complaint be dismissed as duplicative and
15 failing to state a claim. *See* C19-6199-BHS-DWC, Dkt. 7, at 5 (W.D. Wash.). That
16 recommendation is currently under consideration. *Id.*

17     Plaintiff's proposed complaint does not allege facts substantially different from his
18 other complaints and appears to be duplicative. Therefore, the Court directs plaintiff to
19 show cause why this complaint should not be dismissed without prejudice and without
20 further leave to amend. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*,
21 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to
22 amend is particularly broad where the court has already given the plaintiff an
23 opportunity to amend his complaint.").

24
25

- 7

CONCLUSION

Accordingly, it is **ORDERED** that plaintiff shall provide the Court **on or before May 22, 2020,** with an explanation of reasons why the Court should not dismiss this action.

The Clerk is directed to send a copy of this Order to plaintiff.

Dated this 20th day of April, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

- 8